UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK CASTLE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>COINBASE GLOBAL, INC., et al.,<br><br>      Defendants. | Civ. Action No. 2:24-cv-04850-JHS<br><br>CLASS ACTION<br><br>KENDALL J. BEHNKE AND PETER W. GALLA'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |

4897-1638-8865.v1

## I.    INTRODUCTION AND BACKGROUND

Four motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Kendall J. Behnke and Peter W. Galla; (2) William Muzik; (3) Keyan Safyari; and (4) Jeanne Schutte and Anatol Rawicz.[1]  *See* ECF 11-14.  Based on information contained in the opening submissions by the lead plaintiff movants, Mr. Behnke and Mr. Galla are the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Behnke and Mr. Galla's losses of $792,938 are – by far – the largest claimed by any movant, and they otherwise meet the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Mr. Behnke and Mr. Galla should be appointed as Lead Plaintiff and their selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise satisfies the requirements of Rule 23." *Id.*  In *Cendant*, the Third Circuit explained that "the court's first duty is to identify the movant that is presumptively entitled" to lead plaintiff status by identifying the movant with "'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).[2]  "Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the presumptively most adequate plaintiff." *Id.*  Finally, if the movant with

---

[1] On November 26, 2024, Jeanne Schutte and Anatol Rawicz filed a notice of non-opposition, recognizing that they "do not have the 'largest financial interest' in this litigation." ECF 15. On November 26, 2024, Keyan Safyari filed a notice withdrawing his motion. ECF 16.

[2] Unless otherwise noted, all emphasis is added and citations are omitted.

the largest financial interest also satisfies Rules 23, that movant becomes the presumptive lead plaintiff. *Id.*

A. **Mr. Behnke and Mr. Galla Meet the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

To evaluate which movant has "the largest financial interest in the relief sought by the class," courts within this Circuit generally consider: "'(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs.'" *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2020 WL 815136, at *2-*3 (E.D. Pa. Feb. 19, 2020). Courts within this Circuit "have identified the third *Cendant* factor – the amount of losses suffered by the prospective lead plaintiff – as the most critical." *Id.* at *3; *see In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ("[T]he amount of financial loss is the most significant of these elements.").

There can be no legitimate dispute, then, that Mr. Behnke and Mr. Galla possess the "largest financial interest" in this litigation:

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS |
|---|---|---|---|---|
| Mr. Behnke and Mr. Galla | 7,530 | 5,030 | $1,730,440 | $792,938 |
| William Muzik | 677 | 677 | $228,705 | $102,283 |
| *Keyan Safyari (withdrawn)* | *200* | *200* | *$82,800* | *$45,420* |
| *Jeanne Schutte and Anatol Rawicz (notice of non-opposition)* | *200* | *80* | *$59,090* | *$44,138* |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Mr. Behnke and Mr. Galla must also "otherwise satisf[y]

- 2 -

the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there is no question that Mr. Behnke and Mr. Galla are typical and adequate of the putative class and are otherwise perfectly situated to represent all class members. *See* ECF 13-1 at 3-4. In addition, Mr. Behnke and Mr. Galla have chosen counsel with decades of experience litigating securities class actions and have submitted a Joint Declaration attesting to their commitment to vigorously prosecute this litigation together on behalf of all class members. *See id.*; ECF 13-6. Thus, under the PSLRA, there is a presumption that Mr. Behnke and Mr. Galla are the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Because Mr. Behnke and Mr. Galla have the largest financial interest and satisfy Rule 23's requirements, Mr. Behnke and Mr. Galla are presumptively the "most adequate plaintiff."

### B. The "Most Adequate Plaintiff" Presumption Which Lies in Mr. Behnke and Mr. Galla's Favor Cannot Be Rebutted

The presumptive lead plaintiff – in this case, Mr. Behnke and Mr. Galla – must be appointed unless it is ***proven*** that they will not satisfy the typicality and adequacy requirements of Rule 23(a). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Indeed, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original).

Here, no competing movant can present proof to rebut the presumption which lies in favor of Mr. Behnke and Mr. Galla. Thus, Mr. Behnke and Mr. Galla's motion for appointment as lead plaintiff and approval of selection of counsel should be granted.

### III. CONCLUSION

Mr. Behnke and Mr. Galla possess the largest financial interest in the relief sought by the class. In addition, Mr. Behnke and Mr. Galla meet the requirements of adequacy and typicality, and the presumption which lies in favor of Mr. Behnke and Mr. Galla cannot be rebutted. As such, Mr.

4897-1638-8865.v1

Behnke and Mr. Galla respectfully request that this Court enter an order: (1) appointing Mr. Behnke and Mr. Galla as Lead Plaintiff; (2) approving its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel; and (3) denying the competing lead plaintiff motions.

DATED: November 26, 2024          Respectfully submitted,

                                  BERGER MONTAGUE PC
                                  Michael Dell'Angelo - PA Attorney I.D. #80910
                                  Andrew D. Abramowitz


                                  s/ Michael Dell'Angelo
                                  ─────────────────────────────
                                  MICHAEL DELL'ANGELO

                                  1818 Market Street, Suite 3600
                                  Philadelphia, PA  19103
                                  Telephone:  215/875-3000

                                  Local Counsel

                                  ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                  Juan Carlos Sanchez
                                  Kenneth P. Dolitsky
                                  655 West Broadway, Suite 1900
                                  San Diego, CA  92101
                                  Telephone:  619/231-1058
                                  619/231-7423 (fax)
                                  jsanchez@rgrdlaw.com
                                  kdolitsky@rgrdlaw.com

                                  Proposed Lead Counsel for Proposed Lead Plaintiff

- 4 -

4897-1638-8865.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 26, 2024 authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Dell'Angelo
Michael Dell'Angelo

4897-1638-8865.v1