UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK CASTLE, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>COINBASE GLOBAL, INC., et al.,<br><br>                       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Action No. 2:24-cv-04850-JHS<br><br><u>CLASS ACTION</u><br><br>REPLY IN FURTHER SUPPORT OF KENDALL J. BEHNKE AND PETER W. GALLA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     ARGUMENT.........................................................................................................2

III.    CONCLUSION....................................................................................................10

- i -

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aguilar v. Vitamin Shoppe, Inc.*,
   2018 WL 1960444 (D.N.J. Apr. 25, 2018) ...............................................................5

*Allegheny Cnty. Emps.' Ret. Sys. v. AdaptHealth Corp.*,
   No. 2:23-cv-04104-MRP (E.D. Pa. Jan. 23, 2024) ...................................................4

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,
   2020 WL 815136 (E.D. Pa. Feb. 19, 2020) ...............................................................4

*Bender v. Vertex Energy, Inc.*,
   2024 WL 588445 (S.D. Tex. Feb. 12, 2024) ..............................................................3

*Chao Sun v. Han*,
   2015 WL 2364937 (D.N.J. May 14, 2015) ..............................................................7, 8

*China Agritech, Inc. v. Resh*,
   584 U.S. 732 (2018)....................................................................................................4

*Dang v. Amarin Corp. PLC*,
   2022 WL 15524944 (D.N.J. Oct. 27, 2022)................................................................8

*Faille v. AdaptHealth Corp.*,
   No. 2:21-cv-03382-HB (E.D. Pa. May 14, 2021)......................................................4

*Goines v. Celsius Network, LLC*,
   2023 WL 2945897 (D.N.J. Apr. 14, 2023) ..............................................................8, 9

*Halman Aldubi Provident & Pension Funds Ltd.*
   *v. Teva Pharm. Indus. Ltd.*,
   529 F. Supp. 3d 385 (E.D. Pa. 2021) ......................................................................5, 6

*Himes v. Five Below, Inc.*,
   2024 WL 4596235 (E.D. Pa. Oct. 28, 2024)..............................................................4

*In re Am. Bus. Fin. Servs., Inc.*,
   2005 WL 724088 (E.D. Pa. Mar. 29, 2005)...............................................................6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)...........................................................................1, 2, 4, 5

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
   2016 WL 11575090 (D.N.J. June 28, 2016) ..............................................................5

4901-7998-7715.v1

**Page**

*In re Nike, Inc. Sec. Litig*,
  2024 WL 4579499 (D. Or. Oct. 25, 2024) .................................................................3

*In re Universal Health Servs., Inc., Derivative Litig.*,
  2019 WL 3046041 (E.D. Pa. Feb. 22, 2019) ..............................................................4

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) .................................................................................6

*Janovici v. DVI, Inc.*,
  2003 WL 22849604 (E.D. Pa. Nov. 25, 2003) ........................................................3, 4

*Kanefsky v. Honeywell Int'l Inc.*,
  2020 WL 2520669 (D.N.J. May 18, 2020) .................................................................6

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) .........................................................................3

*Lawless v. Aurora Cannabis Inc.*,
  2021 WL 2850451 (D.N.J. July 8, 2021) ..................................................................6, 8

*Pelletier v. Endo Int'l PLC*,
  2021 WL 402557 (E.D. Pa. Feb. 4, 2021) ..................................................................4

*Pembroke Pines Firefighters & Police Officers*
  *Pension Fund v. Integra LifeSciences Holdings Corp.*,
  2024 WL 3029133 (D.N.J. June 17, 2024) .................................................................3

*Reid v. Hemispherx Biopharma, Inc.*,
  2010 WL 11707722 (E.D. Pa. Feb. 12, 2010) ............................................................4

*Skolnick v. Evolution AB (publ)*,
  No. 2:24-cv-00326-MRP (E.D. Pa. May 22, 2024) .....................................................4

*Smith v. Suprema Specialties, Inc.*,
  206 F. Supp. 2d 627 (D.N.J. 2002) ..........................................................................7, 8

*Soto v. Hensler*,
  235 F. Supp. 3d 607 (D. Del. 2017) ...........................................................................5

*Stires v. Eco Sci. Sols., Inc.*,
  2018 WL 5784817 (D.N.J. Feb. 14, 2018) ................................................................7, 8

*Strougo v. Lannett Co., Inc.*,
  2018 WL 6271802 (E.D. Pa. Nov. 30, 2018) ............................................................. *passim*

4901-7998-7715.v1

**Page**

*Takata v. Riot Blockchain, Inc.*,
  2018 WL 5801379 (D.N.J. Nov. 6, 2018) ...........................................................7, 8

*Tomaszewski v. Trevena, Inc.*,
  383 F. Supp. 3d 409 (E.D. Pa. 2019) ...........................................................3, 4, 5, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................9

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) .................................................2, 4, 5

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(3)(B)(iii)(I)..................................................................................2
  §78u-4(a)(3)(B)(iii)(II) .............................................................................2, 3

**SECONDARY AUTHORITIES**

7 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* (6th ed. 2023)
  §22:36 n.11 ............................................................................................7

4901-7998-7715.v1

## I.      INTRODUCTION

With losses of nearly $800,000, Kendall J. Behnke and Peter W. Galla – two sophisticated investors with nearly 50 years of combined investment experience and the evidenced ability to cohesively prosecute this litigation and oversee counsel – are entitled to appointment as lead plaintiff.  Mr. Behnke and Mr. Galla easily satisfy the standard set forth by the Third Circuit in *Cendant* and are precisely the sort of small lead plaintiff group that courts almost unanimously appoint in this District.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *see, e.g.*, *Strougo v. Lannett Co., Inc.*, 2018 WL 6271802, at \*5 (E.D. Pa. Nov. 30, 2018) (Kearney, J.) ("Messrs. Wong and Hoeltzel have the smallest possible group with two members.").

Mr. Behnke and Mr. Galla are the presumptive lead plaintiff by not only having incurred combined losses that are nearly eight times the size of the losses incurred by William Muzik, the only other remaining movant, but also having provided a *prima facie* showing of typicality and adequacy under Rule 23.  What's more, Mr. Behnke's and Mr. Galla's respective ***individual*** losses of $158,450 and $634,488 are each significantly larger than Mr. Muzik's loss ($102,283), a fact courts often find determinative in rejecting the sort of longshot arguments advanced in Mr. Muzik's opposition brief (ECF 18).  *See Strougo*, 2018 WL 6271802, at \*6 ("Since either Mr. Wong or Mr. Hoeltzel's losses significantly outstrip IBEW's loss, we are not concerned the two men came together solely due to proposed counsel.") (collecting cases from within this Circuit finding same).

Conceding that Mr. Behnke and Mr. Galla have the largest financial interest, Mr. Muzik attempts to manufacture reasons why Mr. Behnke and Mr. Galla are an impermissible group.  In doing so, Mr. Muzik fails to cite any cases from this District, which is not surprising given the myriad lead plaintiff decisions issued by members of this Court that rejected the very arguments he makes here.  Mr. Muzik's generic challenges to Mr. Behnke and Mr. Galla's cohesion fall far short of the exacting "proof" the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires in

- 1 -

order to rebut the presumption that Mr. Behnke and Mr. Galla are the most adequate plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Mr. Behnke and Mr. Galla have evidenced their substantial financial interest and intent to prosecute this Action vigorously. As such, Mr. Behnke and Mr. Galla should be appointed as Lead Plaintiff in this Action.

## II.   ARGUMENT

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person ***or group of persons***" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).[1] The statute's text explicitly instructs that a group may be afforded the lead plaintiff presumption. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2014 WL 1395059, at *7 (E.D. Pa. Apr. 10, 2014) (Schiller, J.) ("The Third Circuit issued a clear pronouncement in *Cendant* that a group of unrelated investors can serve as lead plaintiff."). Mr. Muzik concedes that Mr. Behnke and Mr. Galla have the largest financial interest. *See* ECF 18 at 10. Mr. Behnke and Mr. Galla – two sophisticated retail investors with a combined half century of investment experience and familiarity with hiring and overseeing counsel – have also made a *prima facie* showing that they satisfy Rule 23's adequacy and typicality requirements. *See* ECF 13-1 at 3-5; ECF 19-1. As discussed below, Mr. Behnke and Mr. Galla indisputably constitute a permissible group under the PSLRA and are the presumptive lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Pursuant to the PSLRA, Mr. Behnke and Mr. Galla's presumptive lead plaintiff status can be rebutted "only upon proof by a member of the purported plaintiff class" that the "presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the

---

[1]   Unless otherwise noted, all emphasis is added and citations and footnotes are omitted.

- 2 -

class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Courts in this Circuit have required exacting proof, as opposed to mere speculation, to disqualify a presumptive lead plaintiff group.[2]  Mr. Muzik offers no such proof.[3]

Recognizing that he does not possess the largest financial interest, Mr. Muzik attempts to rebut Mr. Behnke and Mr. Galla's presumptive lead plaintiff status by claiming that their decision to jointly prosecute this case is somehow improper.  The frailty of this argument is betrayed by the decades of jurisprudence from this Circuit and District that Mr. Muzik asks the Court to overlook.  While it is true that courts in this Circuit do not blindly appoint large groups of unrelated individual

[2]   *See Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 416-17 (E.D. Pa. 2019) (Rufe, J.) (finding that "[t]he [competing movants] have produced no evidence, as opposed to merely speculation, that Trevena Group would not be able to function as a cohesive and independent group"); *Janovici v. DVI, Inc.*, 2003 WL 22849604, at *13 (E.D. Pa. Nov. 25, 2003) (Davis, J.) ("Although some of the movants suggest that it is **possible** that the Cedar Street Group **may** not be able to adequately represent the interest of the Class, such speculation is insufficient to overcome the presumption under the PSLRA.") (emphasis in original); *Pembroke Pines Firefighters & Police Officers Pension Fund v. Integra LifeSciences Holdings Corp.*, 2024 WL 3029133, at *2 (D.N.J. June 17, 2024) ("Instead, the [competing movants] can only offer speculation that the [movant group] may have only been created by lawyers to ensure eventual appointment as lead counsel in this case . . . .  This is simply not enough to rebut the presumption . . . . ").

[3]   Due to a technological error, one page of Mr. Behnke and Mr. Galla's Joint Declaration (ECF 13-6) was inadvertently deleted during the course of uploading and e-filing the document.  A corrected version has since been filed.  *See* ECF 19-1.  The correctly filed Joint Declaration (ECF 19-1) was executed by Mr. Behnke and Mr. Galla on November 12, 2024, before their motion was filed.  The ministerial technical error resulting in the unintentional deletion of a single page – which was promptly corrected – has not prejudiced Mr. Muzik and has no bearing on Mr. Behnke and Mr. Galla's financial interest.  Nor does it bear on Mr. Behnke and Mr. Galla's ability to satisfy Rule 23 because it "simply is not the type of adequacy issue that would 'divert the fact finders' attention from the merits and thus infect the claims of the class as a whole.'" *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) (appointing lead plaintiff movant – represented by Mr. Muzik's proposed lead counsel – who mistakenly filed two competing lead plaintiff motions with different law firms); *see also Bender v. Vertex Energy, Inc.*, 2024 WL 588445, at *11 (S.D. Tex. Feb. 12, 2024) (appointing lead plaintiff movant – also represented by Mr. Muzik's proposed lead counsel – whose motion was filed after the statutory deadline, finding that "the PSLRA's goals [including "the PSLRA's preference for appointing the plaintiff with the greatest financial stake in the outcome"] would be furthered, not frustrated, by excusing the lateness of the motion"); *In re Nike, Inc. Sec. Litig*, 2024 WL 4579499, at *5 (D. Or. Oct. 25, 2024) ("multiple district courts have held that 'minor or inadvertent mistakes made in a sworn certification [at the lead plaintiff stage] do not strike at the heart of Rule 23's adequacy requirement'").

investors, the PSLRA, the Securities and Exchange Commission, and U.S. Supreme Court expressly allow or have endorsed the appointment of cohesive groups as lead plaintiff. *See China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest"); *Cendant*, 264 F.3d 201 at 277 n.51.

It is thus not surprising that courts in this District – which Mr. Muzik has ignored – regularly determine that a cohesive group of investors without a relationship pre-existing the commencement of litigation may be appointed as lead plaintiff. *Strougo*, 2018 WL 6271802, at *6 ("Because their group contains only two members, we find the group can operate effectively as a unit."); *Tomaszewski*, 383 F. Supp. 3d at 416-17 (appointing group of five unrelated investors over objections from competing movant); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2020 WL 815136, at *1 (E.D. Pa. Feb. 19, 2020) (McHugh, J.) (same); *Janovici*, 2003 WL 22849604, at *13 (appointing group of three investors); *W. Palm Beach Police*, 2014 WL 1395059 (same); *see also In re Universal Health Servs., Inc., Derivative Litig.*, 2019 WL 3046041, at *1 n.1 (E.D. Pa. Feb. 22, 2019) (Slomsky, J.) (this Court appointing a group of three investors and their three respective law firms to lead a shareholder suit because, *inter alia*, "the Court has not detected any signs of bickering, internal strife, or inefficiency in Plaintiffs' other dealings with the Court").[4] This is especially so when the group at issue has within its ranks the class member possessing the largest

---

[4]   *See also Himes v. Five Below, Inc.*, 2024 WL 4596235, at *1 (E.D. Pa. Oct. 28, 2024) (McHugh, J.) (appointing unopposed motion of lead plaintiff group); *Skolnick v. Evolution AB (publ)*, No. 2:24-cv-00326-MRP, ECF 11 (E.D. Pa. May 22, 2024) (Perez, J.) (same); *Allegheny Cnty. Emps.' Ret. Sys. v. AdaptHealth Corp.*, No. 2:23-cv-04104-MRP, ECF 33 (E.D. Pa. Jan. 23, 2024) (Perez, J.) (same); *Faille v. AdaptHealth Corp.*, No. 2:21-cv-03382-HB, ECF 12 (E.D. Pa. May 14, 2021) (Bartle, J.) (same); *Pelletier v. Endo Int'l PLC*, 2021 WL 402557, at *1 (E.D. Pa. Feb. 4, 2021) (Baylson, J.) (appointing co-lead plaintiff structure after finding that multiple lead plaintiffs would provide broader class representation); *Reid v. Hemispherx Biopharma, Inc.*, 2010 WL 11707722, at *3 (E.D. Pa. Feb. 12, 2010) (Diamond, J.) (appointing group of four unrelated individual investors).

4901-7998-7715.v1

individual loss, as Mr. Galla does here.[5]  In fact, many of the largest securities class action recoveries in this Circuit and around the country were achieved in cases led by groups of investors just like Mr. Behnke and Mr. Galla's.[6]

While, Mr. Muzik's opposition is largely premised on the generic assertion that Mr. Behnke and Mr. Galla were "cobbled together" (ECF 18 at 2, 4, 7) because they do not share a pre-existing relationship before the filing of the complaint in this Action, "[t]he PSLRA 'contains no requirement mandating that the members of a proper group be "related" in some manner; it requires only that any such group "fairly and adequately protect the interests of the class."'" *Tomaszewski*, 383 F. Supp. 3d at 416.[7]  Indeed, as articulated by Judge Marston, "the *only* limitation on the formation of a group is that it must not have been formed in such a manner that would 'preclude it from fulfilling the tasks assigned to a lead plaintiff.'" *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 408 n.25 (E.D. Pa. 2021) (citing *Cendant*, 264 F.3d 201 at 266). "Thus, it does not matter whether a group is 'cobbled together,' *provided* that it is able to work

---

5   *Strougo*, 2018 WL 6271802, at *6 ("Since either Mr. Wong or Mr. Hoeltzel's losses significantly outstrip IBEW's loss, we are not concerned the two men came together solely due to proposed counsel."); *Soto v. Hensler*, 235 F. Supp. 3d 607, 622 (D. Del. 2017) ("Since Dyson would have been the shareholder with the largest financial loss regardless of Cook's participation in the group, this suggests that other considerations (beyond merely demonstrating the largest loss) drove Cook and Dyson to band together."); *Aguilar v. Vitamin Shoppe, Inc.*, 2018 WL 1960444, at *11 (D.N.J. Apr. 25, 2018) ("the fact that Schubert would have been the shareholder with the largest financial loss regardless of Onishuk and Kayyal's participation suggest that other considerations (beyond merely demonstrating the largest loss) motivate the SOK plaintiffs").

6   *See, e.g.*, *Cendant*, 264 F.3d at 217 ($3.2 billion recovery – the largest ever in this Circuit – achieved by group of three investors appointed as plaintiff); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 2016 WL 11575090, at *1, *6 (D.N.J. June 28, 2016) ($1.062 billion recovery achieved by group of investors as lead plaintiff).

7   *See also Strougo*, 2018 WL 6271802, at *4 ("[T]he Reform Act and our precedent does not limit lead plaintiff role to funds or individuals if they somehow could find other shareholders in a public company, ask them to join together and then agree to proceed."); *W. Palm Beach Police*, 2014 WL 1395059, at *8 ("[F]ocusing on the lack of a relationship between the members of the Institutional Investor is misplaced.  Neither [movant] has expressed to this Court why this group of unrelated investors would be unable to fairly and adequately protect the interests of the class.").

4901-7998-7715.v1

cohesively to manage counsel and fairly and adequately represent the interests of the class." *Id.*
(emphasis in original).

Here, Mr. Behnke and Mr. Galla have unquestionably demonstrated that they are prepared,
qualified, and eager to cohesively represent the investor class in this case. Like the other groups
appointed as lead plaintiff in this District, Mr. Behnke and Mr. Galla have evidenced their
qualifications to serve as lead plaintiff in this case. *See* ECF 13-1 at 3-5; ECF 19-1:

- Mr. Behnke and Mr. Galla are two sophisticated individual investors with approximately 50 years of combined investing experience, possessing far and away the largest financial interest in the relief sought by the class.[8]

- Mr. Behnke and Mr. Galla are both familiar with selecting and overseeing counsel and have selected as their lead counsel one of the most successful law firms in prosecuting securities class actions.[9]

- Mr. Behnke and Mr. Galla's Joint Declaration makes clear that they considered "the benefits and potential drawbacks of proceeding individually or jointly as lead plaintiff," and made their respective decisions to move with one another based on a desire to work together with a likeminded investor in order to ensure comprehensive representation of the class throughout the case. ECF 19-1 at ¶4.[10]

---

[8] *In re Am. Bus. Fin. Servs., Inc.*, 2005 WL 724088, at *2 (E.D. Pa. Mar. 29, 2005) (O'Neill, J.) (appointing group of five unrelated individuals; finding that "[w]ith the largest financial interest in the outcome of the litigation, the Malack Group clearly has an incentive to represent the claims of the class with vigor"). *Strougo*, 2018 WL 6271802, at *6 ("we are not facing a slight variance in losses and the two-person group satisfies our independent judgment based on the over fifty-eight years of collective investment experience and the two-persons' decision to proceed together").

[9] *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 512 (E.D. Pa. 2004) (Bartle, J.) (appointing group of three investors when "it has already taken steps towards protecting the interests of the class by hiring competent and experienced counsel to prosecute those claims").

[10] Unlike Mr. Behnke and Mr. Galla, who incurred losses in three accounts on purchases spanning over one month of the Class Period, Mr. Muzik's losses were exclusively incurred on purchases made in one account in the first 48 hours of the Class Period. *Compare* ECF 12-5 *with* ECF 13-5. In the event that defendants succeed in challenging the start date of the Class Period at the motion to dismiss stage, Mr. Muzik is at a significantly higher risk of losing standing, which would impact the class and require the Court to reopen lead plaintiff proceedings. *See, e.g.*, *Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *3 n.4 (D.N.J. May 18, 2020) (motion to dismiss order ultimately necessitating a new lead plaintiff process because of "class representation issues due to Plaintiff's purchase date"); *see generally Lawless v. Aurora Cannabis Inc.*, 2021 WL 2850451, at *5 (D.N.J. July 8, 2021) ("The Court further notes that the appointment of a small group of individuals as lead

- 6 -

- Mr. Behnke and Mr. Galla spoke with one another, both with **and *without*** counsel present, before filing their motion and discussed their plan to prosecute the case and oversee their counsel. *See* ECF 19-1 at ¶7.[11] Mr. Behnke and Mr. Galla have established clear lines of communications, including on an emergency basis, to ensure a seamless decision-making process. *See* ECF 19-1 at ¶¶5, 8.

These facts plainly distinguish Mr. Behnke and Mr. Galla from the groups rejected in the cases from outside this District on which Mr. Muzik relies. In *Chao Sun v. Han*, 2015 WL 2364937, at \*3 (D.N.J. May 14, 2015), *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379 (D.N.J. Nov. 6, 2018), and *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002), – three of Mr. Muzik's primary authorities – the courts declined to appoint groups whose members had not provided any evidence of cohesion **and** whose members had not communicated with one another before filing their lead plaintiff motions.[12] Similarly, in *Stires v. Eco Sci. Sols., Inc.*, 2018 WL 5784817, at \*5 (D.N.J. Feb. 14, 2018), the group did not file a joint declaration with its motion **and** evidence later emerged which "indicated to the Court that the members of the [Stires] movant group

---

plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment."); 7 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* §22:36 n.11 (6th ed. 2023) (a co-lead plaintiff structure "best protects the interests of the class; affords the class the benefit of combined resources to defray what may prove to be significant up-front litigation costs; and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs").

[11] *See Tomaszewski*, 383 F. Supp. 3d at 416 ("The Third Circuit has not explicitly defined what constitutes an adequate pre-existing relationship, and under the circumstances presented here, it is reasonable to conclude that a relationship based on informed communication among the members as to forming a group need only predate the motions for appointment as lead plaintiff."); *Strougo*, 2018 WL 6271802, at \*6 ("They spoke on the phone **before** moving for lead plaintiff and discussed the lawsuit, their interest in serving jointly as lead plaintiffs, and their willingness to monitor proposed counsel.") (emphasis in original).

[12] *Strougo*, 2018 WL 6271802, at \*5 (distinguishing *Takata* because groups "failed to swear as to any contact before their lawyer filed the motion"); *Smith*, 206 F. Supp. 2d at 633, 635 (declining to appoint a group of "22 unaffiliated organizations" when the group's lead plaintiff "papers do not mention any contact . . . . among any of the 22 entities"); *Chao Sun*, 2015 WL 2364937, at \*4 n.1 (declining to appoint a group whose declaration "does not mention any contact between [its members] **at all**.").

- 7 -

might not have even agreed to join the group until a week **after** the group's motion was filed." *Lawless*, 2021 WL 2850451, at \*4-\*5 (distinguishing *Stires* and appointing a group of three unrelated individual investors because their joint declaration "indicated the individual members' knowing agreement with each other to join the Group, to achieve the best possible result for the Class, and to work together in good faith to accomplish their goals, among other important considerations"). Finally, in *Dang v. Amarin Corp. PLC*, 2022 WL 15524944, at \*7 (D.N.J. Oct. 27, 2022), the court refused to allow a group of five unrelated investors with a deficient showing of cohesion to aggregate their losses to barely surpass the losses of a competing institutional investor that suffered the largest individual loss. *Id.* ("the fact that the individual financial losses of the Amarin Group's members are significantly lower than those of the other individual movants suggests that the group was formed to aggregate individual financial losses"). In contrast to the groups rejected in *Chao Sun*, *Takata*, *Smith*, *Stires*, and *Dang*, Mr. Behnke and Mr. Galla – both of whose individual losses are larger than Mr. Muzik's engaged in informed pre-motion communications and have otherwise demonstrated their cohesion.

Mr. Muzik's remaining loosely connected arguments largely mirror the arguments (and rely on much of the same authority) rejected by Judge McNulty in *Goines v. Celsius Network, LLC*, 2023 WL 2945897, at \*1 (D.N.J. Apr. 14, 2023) (appointing a group comprised of a family and an unrelated individual over the objections of another class member). Like the competing movant in *Goines*, Mr. Muzik incorrectly claims that there is "no client- or class-driven reason for the grouping," (ECF 18 at 3) despite Mr. Behnke and Mr. Galla providing a Joint Declaration attesting that they "considered the benefits and potential drawbacks of proceeding individually or jointly as lead plaintiff" and decided to move jointly because of the "complexity of the case," "substantial losses suffered," "desire to work together," and to "ensure comprehensive . . . representation of the

- 8 -

class throughout the case." ECF 19-1 at ¶4.[13] The *Gaines* court also addresses Mr. Muzik's

speculation regarding the absence of explicit dispute-resolution mechanism language in Mr. Behnke

and Mr. Galla's Joint Declaration. *See* ECF 18 at 7-8 ("Here, there simply is no language for the

Court to evaluate whether a dispute mechanism exists, could work, or would comply with the

PSLRA."):

> Fourth, de Almeida challenges the Kaplan/Mazzotta Group's "joint decision-making
> process" by making a conclusory, single-sentence argument: "There is no reason to
> think this purported dispute resolution mechanism exists, could work, or would
> comply with the PSLRA." (DE 31 p. 11.) Absent from de Almeida's conclusory,
> speculative argument is any proof sufficient to rebut the presumption.

*Goines*, 2023 WL 2945897, at *8.

As to Mr. Muzik's final argument, *i.e.*, that "group members cannot be considered

individually," (ECF 18 at 9), this Court should reach the same conclusion as Judge McNulty, that

"this argument has no application to this action because [Mr. Behnke and Mr. Galla] have not asked

the Court to break apart the group and appoint an individual member as lead plaintiff." *Id.* (finding

that "[a]ny consideration I give to the financial loss of an individual member of the Kaplan/Mazzotta

Group relates to whether that individual member can fairly and adequately represent the class and

does not concern whether the individual member should be appointed as the sole lead plaintiff").[14]

In sum, Mr. Behnke and Mr. Galla have clearly demonstrated their superior qualifications to

lead this Action. They possess the largest financial interest, have extensive investment experience,

---

[13]  *Goines*, 2023 WL 2945897, at *7 ("de Almeida argues that the Kaplan/Mazzotta Group provided
'no client- or class-driven reason for [its] grouping[ ]'. . . . De Almeida is incorrect. The
Kaplan/Mazzotta Group submitted a joint declaration stating that they decided to seek appointment
as co-lead plaintiff 'based on [their] respective financial loses, and in order to gain the advantages of
joint decision-making, collective resources, full coverage for all of the Celsius . . . Products alleged,
and to provide the Class stable representation.'").

[14]  *But see Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y.
2008) (Mr. Muzik's own authority, finding that "[w]hile the Court rejects the aggregated Maa
Group's motion as lead plaintiffs, the Court may consider Maa, the largest shareholder of the Maa
Group, individually, as if he had moved to be appointed as lead plaintiff alone.").

4901-7998-7715.v1

and have thoughtfully teamed together to cohesively represent the class in this case. Mr. Muzik's opposition, by contrast, relies on a misinterpretation of the PSLRA and is contradicted by the weight of this Circuit's case law. His attempt to paint Mr. Behnke and Mr. Galla as an improper "cobbled together" group is particularly unconvincing given that Mr. Galla individually holds the largest financial interest among all movants. Courts in this District have appointed similar groups, recognizing the benefits of collaboration and shared expertise in complex securities litigation.

## III.    CONCLUSION

Mr. Behnke and Mr. Galla possess a larger financial interest in the relief sought by the class than Mr. Muzik. Mr. Behnke and Mr. Galla are typical and adequate of the putative class, possessing extensive investment experience and a clear understanding of their duties to the class. The PSLRA requires proof to rebut the presumption that the most adequate plaintiff – here, Mr. Behnke and Mr. Galla – should be appointed lead plaintiff. Mr. Muzik has failed to offer such proof, instead relying on conclusory assertions contrary to this District's well-reasoned decisions which are directly on point. Consequently, the Court should find that Mr. Muzik has not met his heavy burden to rebut the presumption in favor of Mr. Behnke and Mr. Galla's appointment as lead plaintiff. Accordingly, Mr. Behnke and Mr. Galla respectfully request that the Court grant their motion.

DATED:  December 3, 2024            Respectfully submitted,

> BERGER MONTAGUE PC
> Michael Dell'Angelo - PA Attorney I.D. #80910
> Andrew D. Abramowitz
>
>                 s/ Michael Dell'Angelo
> _____
>                MICHAEL DELL'ANGELO
>
> 1818 Market Street, Suite 3600
> Philadelphia, PA  19103
> Telephone:  215/875-3000
>
> Local Counsel

- 10 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
Juan Carlos Sanchez
Kenneth P. Dolitsky
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 11 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 3, 2024 authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Dell'Angelo
MICHAEL DELL'ANGELO

4901-7998-7715.v1