UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK CASTLE, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>COINBASE GLOBAL, INC., et al.,<br><br>                              Defendants. | Civ. Action No. 2:24-cv-04850-JHS<br><br>CLASS ACTION<br><br>UNOPPOSED MOTION FOR CONSOLIDATION OF CASES |

4917-1293-5239.v1

Pursuant to Federal Rule of Civil Procedure 42(a), Lead Plaintiffs Kendall J. Benhke and Peter W. Galla (together, "Lead Plaintiffs") in the above-captioned action (the "Action") respectfully request that the Court grant this Unopposed Motion for Consolidation of Cases (the "Motion") which seeks consolidation of the Action with the related action styled *Nessler v. Coinbase Glob., Inc.*, No. 2:25-cv-02637 (E.D. Pa. 2025) (the "Nessler Action").

Lead Plaintiffs and the plaintiff in the Nessler Action, by and through their respective counsel, have met and conferred and agree that the two actions should be consolidated. Lead Plaintiffs have also met and conferred with counsel for defendants in both this Action[1] and the Nessler Action,[2] and they take no position as to consolidation, but consent to the Motion being filed as unopposed.

The Action and the Nessler Action, in accordance with the Federal Rules of Civil Procedure, are appropriate for consolidation, as they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Both the Action and the Nessler Action arise out of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§78j(b) and 78t(a)) and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5),[3] and allege liability under the Federal Securities Laws based on statements made by Coinbase and certain of its executives regarding the Company's compliance with anti-money laundering and know-your-customer regulations in multiple jurisdictions, which plaintiffs in both actions allege were false and misleading

---

[1] Defendants in this Action consist of Coinbase Global, Inc. ("Coinbase" or the "Company"), CEO Brian Armstrong, CFO Alesia J. Haas, COO Emilie Choi, CPO Surojit Chatterjee, CLO Paul Grewal, CAO Jennifer Jones, and Director of Financial Crimes Legal Grant Rabenn. *See* ECF 46, ¶¶19-30.

[2] Defendants in the Nessler Action consist of Coinbase, Armstrong, and Hass. *See* Class Action Complaint for Violations of the Federal Securities Laws, *Nessler v. Coinbase Glob., Inc.*, No. 2:25-cv-02637 (E.D. Pa. 2025), ECF 1, ¶¶5-13.

[3] This Action also arises out of §20A of the Securities Exchange Act of 1934 (15 U.S.C. §78t-l).

- 1 -

4917-1293-5239.v1

when made.  *Compare* ECF 46, ¶¶13-16, 71-173, *with* Class Action Complaint for Violations of the Federal Securities Laws, *Nessler v. Coinbase Glob., Inc.*, No. 2:25-cv-02637 (E.D. Pa. 2025), ECF 1, ¶¶14-115.  Each of the defendants in the Nessler Action are also defendants in this Action, the statements alleged to be false and misleading in the Action and Nessler Action are nearly identical, and both actions seek to represent a class of Coinbase investors beginning at the time of the Company's initial public offering.  Thus, consolidation will avoid highly duplicative discovery in both the Action and the Nessler Action.  Moreover, given the similarities between the claims and the putative classes in both actions, consolidation will facilitate and streamline the administration of any future settlement or award of damages at trial.

Thus, due to the striking similarities between these two actions, consolidation here is proper. *See In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999), *amended*, 199 F.3d 158 (3d Cir. 2000) ("The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'"); *EFG Bank, AG Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, 2024 WL 3634732, at *1 n.1 (E.D. Pa. May 7, 2024) ("A court may consolidate cases if, in its discretion, 'consolidation would facilitate the administration of justice.'") (internal citation omitted).

In light of the foregoing, Lead Plaintiffs respectfully request that their Motion be granted, and that the Action and the Nessler Action be consolidated with respect to all aspects of the litigation of these claims moving forward.

DATED:  May 29, 2025                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP


                                            s/ Lucas F. Olts
                                        _____
                                            LUCAS F. OLTS

- 2 -

Jessica T. Shinnefield (admitted *pro hac vice*)
Lucas F. Olts (admitted *pro hac vice*)
Jack Abbey Gephart (admitted *pro hac vice*)
Stephen Johnson (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
lolts@rgrdlaw.com
jgephart@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
Evan J. Kaufman (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

BERGER MONTAGUE PC
Michael Dell'Angelo - PA Attorney I.D. #80910
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  215/875-3000

Local Counsel

- 3 -

4917-1293-5239.v1

**CERTIFICATION OF COMPLIANCE**

I, Lucas F. Olts, in accordance with Local Rule 7.1(b), hereby certify that Lead Plaintiffs' Unopposed Motion for Consolidation of Cases is unopposed by both the plaintiff in *Nessler v. Coinbase Glob., Inc.*, No. 2:25-cv-02637 (E.D. Pa. 2025) (the "Nessler Action"), as well as the defendants in both the above-captioned action and the Nessler Action.

DATED:  May 29, 2025

s/ Lucas F. Olts
LUCAS F. OLTS

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 29, 2025 I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Lucas F. Olts
LUCAS F. OLTS

4917-1293-5239.v1